IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 25–cv–02517–CNS–MDB

LAURA ANN HALL,

      Plaintiff,

v.

JORGEN MOORE, Officer, Pueblo Police Department,
JAMIE KING, Officer, Pueblo Police Department,
JOSE MEDINA, Officer, Pueblo Police Department,
ASHLEE OLSON, Officer, Pueblo Police Department,
NATHAN SAIS, Officer, Pueblo Police Department,
TYLER OKONSKY, Officer, Pueblo Police Department,
DAWN BALLAS, Deputy, Pueblo County Sheriff,
V. CHAVEZ, Deputy, Pueblo County Sheriff,
BREANNA BOND, Deputy, Pueblo County Sheriff,
VALDEZ, Deputy, Pueblo County Sheriff,
WARD, Deputy, Pueblo County Sheriff,
FIELDS, Deputy, Pueblo County Sheriff,
ARGUELLO, Deputy, Pueblo County Sheriff,
DYNES, Deputy, Pueblo County Sheriff,
JOHN DOE 1, Deputy, Pueblo County Sheriff,
MCCORMICK, Sargeant, Pueblo County Detention Center,
ORDONEZ, Staff, Pueblo County Detention Center,
DANYELLE KULA, Staff, Pueblo County Detention Center,
SHAWN MCKENZIE, Staff, Pueblo County Detention Center,
JOSEPH MCDONALD, Staff, Pueblo County Detention Center, and
JANE DOE 1, Staff, Pueblo County Detention Center,

      Defendants.

---

**MINUTE ORDER**

---

This matter is before the Court on Plaintiff's Motion to Compel Discovery of Identity of

Jane Doe Nurse 1 and Disclosure of Home Address for Joseph McDonald (["Motion to

Compel"], Doc. No. 47) and Plaintiff's Motion to Compel Production of Brady and Giglio Material (["Criminal Discovery Motion"], Doc. No. 48) (collectively, the Motions"). Defendants McDonald, McKenzie, and Kulla, have responded to the Motion to Compel. (Doc. No. 51.) No other briefing has been filed and the time to do so has passed. For the reasons detailed herein, both Motions are **DENIED**.

## SUMMARY FOR SELF-REPRESENTED PLAINTIFF

The Motion to Compel does not demonstrate what steps you have taken to uncover Jane Doe 1's identity, and it does not describe the information you need to uncover her identity. Additionally, the Motion to Compel does not describe how any Defendant in this case would be able to figure out Jane Doe 1's identity. And based on a preliminary review of the allegations in the complaint, it seems unlikely that you would have a viable claim against Jane Doe 1, even if you did know her identity. As to the request related to Defendant McDonald, he has already appeared in this action, making that request moot. And finally, the criminal discovery you seek is more appropriately sought in the underlying criminal proceeding, and the Court does not have a basis for interfering with that proceeding. This is only a high-level summary of the Court's decision. The full decision is set forth below.

## ORDER

### *Motion to Compel*

Plaintiff seeks two things in the Motion to Compel: (1) Discovery related to the identity of Jane Doe 1, and (2) discovery to facilitate Plaintiff's attempt to serve Defendant McDonald.

As to her first request, Plaintiff alleges that Jane Doe 1 visited Plaintiff's cell while she was being held at Pueblo County Detention Center ("PCDC") on June 16, 2025, and was "in acute respiratory distress," but told Plaintiff that "staff 'did not have time" to provide Plaintiff with her inhaler. (Doc. No. 47 at ¶ 4.) Plaintiff says this interaction is not found in her "medical records" and Jane Doe's identity has never been disclosed.

The Motion to Compel does not explain what type of discovery Plaintiff believes is necessary to identify Jane Doe. *See Avaya, Inc. v. Acumen Telecom Corp.*, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (denying motion for expedited discovery in relevant part due to requests that were not sufficiently tailored to the relief requested). Plaintiff also does not explain, what, if

any steps, she has independently taken to identify Jane Doe. *See Williams v. Doe,* 2021 WL 11958244, at *2 (D. Colo. Aug. 3, 2021) ("A plaintiff utilizing [fictious names] however, must 'diligently work to obtain the identities of such individuals.'" (quoting *BPS v. Bd. of Trustees for Colo. Sch. for the Deaf & Blind*, 2014 WL 6990312, at *13 (D. Colo. Apr. 28, 2014))), *report and recommendation adopted sub nom. Williams v. Doe #1*, 2021 WL 11958227 (D. Colo. Sept. 16, 2021). Moreover, Plaintiff does not explain how any Defendant to this case may be able to assist in identifying Jane Doe—a person who apparently stopped by Plaintiff's cell at PCDC alone for a brief interaction many months ago.

The Court also notes that the Amended Complaint's allegations against Jane Doe 1 are very sparse. (Doc. No. 6.) Indeed, the Amended Complaint appears to include one sentence describing Jane Doe 1's alleged actions. (*See* Doc. No. 6 at ¶ 80 ("On June 16, Nurse Jane Doe 1 refused to provided the inhaler stating, 'we don't have time right now' and instead told Plaintiff to 'drink water to thin the secretions.'").) As such, and though the Court does not make any formal determinations on the issue, it appears very unlikely that Plaintiff can state a deliberate indifference or due process claim against Jane Doe 1. (*See* Doc. No. 6 at 25–26 (including Jane Doe 1 as a Defendant to Claims 5 and 6.) Thus, compelling discovery into Jane Doe 1's identity may result in a waste of resources. *See Liberty Media Holdings, LLC v. Colo. Members of Swarm of Nov. 19, 2010 to Dec. 11, 2011*, 2011 WL 1812554, at *1 (D. Colo. May 12, 2011) ("[T]he plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.").

For these reasons, the request for discovery into the identity of Jane Doe 1, is denied. Additionally, Plaintiff's second request is moot. Defendant McDonald has appeared in this action and has filed a Motion to Dismiss.[1] (Doc. No. 38.) Accordingly, the Motion to Compel is **DENIED**.

***Criminal Discovery Motion***

---

[1] The Motion to Dismiss does not raise any service-related arguments. (*See generally* Doc. No. 38.)

In her second Motion, Plaintiff requests an order compelling Defendants to produce "exculpatory and impeachment evidence" in the state criminal proceedings underlying this case. (Doc. No. 48 (citing *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).)

Plaintiff contends that state prosecutors have declined to turn over certain requested evidence, but she does not explain why she cannot file a motion to compel in the criminal proceeding itself. (*See* Doc. No. 48.) Nor is there any indication that she has already sought such relief and been denied by the state court. (*Id.*) Even if she had, "[f]ederal courts may not entertain actions that seek to impose 'an ongoing federal audit of state criminal proceedings.'" *Yarls v. Bunton*, 231 F. Supp. 3d 128, 133 (M.D. La. 2017) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974)). Federal district courts simply lack jurisdiction to hear appeals of state court decisions. And while Plaintiff correctly notes that a federal court may, under certain narrow circumstances, take actions that tend to impact state proceedings, *see, e.g.*, *Phelps v. Hamilton*, 122 F.3d 885, 889–91 (10th Cir. 1997) (discussing the "bad faith exception" to *Younger* abstention), those circumstances are not present here.[2]

For these reasons, the request for relief in the Criminal Discovery is **DENIED**.

Dated this 4th day of May, 2026.

**BY THE COURT:**

Maritza Dominguez Braswell
United States Magistrate Judge

---

[2] Additionally, to the extent Plaintiff believes this evidence is necessary for *this* case, she can seek it if the case survives the pending Motions to Dismiss and a scheduling order is entered. (*See* Doc. No. 57 (staying this case until the Motions to Dismiss are resolved).)