IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-02517-CNS-MDB

LAURA ANN HALL,

Plaintiff,

v.

JORGEN MOORE, Officer, Pueblo Police Department;
JAMIE KING, Officer, Pueblo Police Department;
JOSE MEDINA, Officer, Pueblo Police Department;
ASHLEE OLSON, Officer, Pueblo Police Department;
NATHAN SAIS, Officer, Pueblo Police Department;
TYLER OKONSKY, Officer, Pueblo Police Department;
DAWN BALLAS, Sheriff Deputy, Pueblo County;
V. CHAVEZ, Sheriff Deputy, Pueblo County;
BREANNA BOND, Sheriff Deputy, Pueblo County;
VALDEZ, Sheriff Deputy, Pueblo County;
WARD, Sheriff Deputy, Pueblo County;
FIELDS, Sheriff Deputy, Pueblo County;
ARGUELLO, Sheriff Deputy, Pueblo County;
DYNES, Sheriff Deputy, Pueblo County;
JOHN DOE, Sheriff Deputy, Pueblo County;
MCCORMICK, Sgt, Pueblo County Detention Center;
ORDONEZ, Pueblo County Detention Center Staff;
DANYELLE KULA, Pueblo County Detention Center Staff;
SHAWN MCKENZI, Pueblo County Detention Center Staff;
JOSEPH MCDONALD, Pueblo County Detention Center Staff, and
JANE DOE, Pueblo County Detention Center Staff,

Defendants.

---

**ORDER**

---

Before the Court is Plaintiff's Objection, ECF No. 81, to the United States Magistrate Judge's Recommendation, ECF No. 79, to grant Defendants' pending motions to dismiss. *See* ECF No. 17; ECF No. 38; ECF No. 53. For the reasons set forth below, the Court OVERRULES the Objection, AFFIRMS AND ADOPTS the Recommendation, and GRANTS the pending motions to dismiss.

## I. SUMMARY FOR *PRO SE* PLAINTIFF

The magistrate judge recommended granting the motions to dismiss that Defendants have filed against your claims. Any objection filed in response to a magistrate judge's recommendation must address the reasons that the magistrate judge provided for recommending dismissal of the claims. Your objection is essentially a request to amend the complaint, rather than an objection that addresses why the magistrate judge was wrong to recommend granting the motions to dismiss. For this reason, the Court overrules your objection, affirms and adopts the recommendation, and grants the motion to dismiss. However, the Court does so without prejudice, meaning that you may file an amended complaint within fourteen days of this order. However, if your amended complaint fails to address the numerous pleading deficiencies identified by the magistrate judge in the recommendation, it will be subject to dismissal with prejudice, meaning dismissal of your entire case.

## II. BACKGROUND

The magistrate judge provided a comprehensive summary of this case's factual and procedural background, which the Court incorporates by reference here. *See generally* ECF No. 79. After the magistrate judge issued her recommendation, Plaintiff

filed an objection to it. ECF No. 81. Defendants filed responses to the objection. *See, e.g.,* ECF No. 90; ECF No. 92; ECF No. 93. After filing her objection, Plaintiff also moved for leave to file a second amended complaint. ECF No. 86.

## III. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St*., 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## IV. ANALYSIS

Although Plaintiff styles her objection as an objection to the magistrate judge's recommendation, it is essentially a motion for leave to amend the operative complaint. Indeed, Plaintiff has explicitly waived any challenge to the recommendation's substantive analysis. *See* ECF No. 81 at 1 ("The central problem is *not that* the Recommendation identified pleading defects." (emphasis added)). Instead, Plaintiff seeks leave to amend and challenges the magistrate judge's ultimate conclusion that dismissal should be with prejudice. *See id.* (The problem is . . . the conclusion that no amended pleading could

state a claim."); ECF No. 79 at 26 n.17. Having reviewed the objection, not only does Plaintiff explicitly waive any appellate challenge to the recommendation, but regardless Plaintiff does not make a specific objection to any of the magistrate judge's substantive analysis. This failure itself amounts to waiver of the Court's appellate review of the recommendation. *See, e.g., 212 East 30th St.*, 73 F.3d at 1059; *Lowrey v. Portis*, Civ. No. 23–372 JCH/JFR, 2025 WL 343213, at *3 (D.N.M. Jan. 30, 2025), *reconsideration denied*, Civ. No. 23–372 JCH/JFR, 2025 WL 1331485 (D.N.M. May 7, 2025) ("The failure to make timely and specific objections to the magistrate judge's orders [and recommendations] waives appellate review of both factual and legal questions." (citation modified)).

Rather, the objection is all about why leave to amend should be granted. *See* ECF No. 81 at 2 (arguing evidence acquired after filing operative complaint supports amendment); *id.* at 3 (arguing material "was not fully presented" to the magistrate judge in operative complaint); *id.* ("The later-obtained record materially changes what can be pleaded."); *id.* at 4 ("The state court's later findings support pleading those facts with precision."); *id.* at 5 (arguing that "later-obtained sworn law-enforcement records" support amendment); *id.* at 6 ("Since filing, Plaintiff has obtained records identifying repeated agency alerts and institutional information . . ."); *id.* at 7 (arguing that "records obtained after the FAC" support amendment"). Defendants across their objections make the same observation, and that for this reason Plaintiff's objection does not specifically identify error in the magistrate judge's substantive analysis of her claims and Defendants' dismissal motions. *See* ECF No. 82 at 2; ECF No. 90 at 6; ECF No. 92 at 4–5; ECF No. 93 at 2.

Accordingly, the Court agrees with Defendants that it is proper to overrule Plaintiff's objections to the magistrate judge's recommendation. *See, e.g.,* 92 at 5 ("[Plaintiff's] objections . . . lack specificity as to the entire Recommendation, and should be denied."); *Burgess v. Daniels*, No. 13–cv–02191–PAB–CBS, 2014 WL 4698773, at *2 (D. Colo. Sept. 22, 2014) ("To the extent plaintiff fails to *properly object* to issues raised by the Recommendation, plaintiff's objection is overruled." (emphasis added)).

However, to the extent that the magistrate judge recommended dismissal of the operative complaint with prejudice, *see* ECF No. 79 at 26 n.17, the Court declines to dismiss Plaintiff's claims with prejudice at this time. However, the Court informs Plaintiff that if an amended complaint fails to cure the pleading deficiencies identified by the magistrate judge in her thorough and comprehensive recommendation, it will be subject to summary dismissal. Plaintiff is not entitled to infinitely amend her complaint. And Plaintiff has had the benefit and guidance of the magistrate judge's analysis of her claims and Defendants' extensive briefing as to why they are, as currently pleaded, deficient and should be dismissed.

## V. CONCLUSION

For the reasons set forth above, the Court OVERRULES Plaintiffs' Objection, ECF No. 81, and AFFIRMS AND ADOPTS the United States Magistrate Judge's Recommendation, ECF No. 79. The Court GRANTS the pending motions to dismiss without prejudice. ECF No. 17; ECF No. 38; ECF No. 53.

Plaintiff may file an amended complaint, should she believe that she can cure the deficiencies within her operative complaint, within FOURTEEN DAYS of this order.

Plaintiff's Motion for Leave to File Proposed Verified Second Amended and Supplemental Complaint, ECF No. 86, is DENIED AS MOOT.

DATED this 25th day of August 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge